**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-30711
Summary Calendar

OLIVIA BURKS, Individually
and on Behalf of Her Child,
Travis Pace; et al.,

Plaintiffs,

MELVIN BARBER; EDITH BARBER,
Individually and on Behalf of
Their Minor Child Ericka Barber,

Plaintiffs – Appellants,

versus

BOGALUSA CITY SCHOOL BOARD;
LOUISIANA STATE BOARD OF
ELEMENTARY AND SECONDARY EDUCATION;
LOUISIANA DEPARTMENT OF EDUCATION;
STATE OF LOUISIANA,

Defendants – Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 98-CV-1333-N)

May 3, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

This lawsuit arises from Bogalusa City School Board's and Louisiana education officials' allegedly not providing Ericka Barber with a "free appropriate public education" under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq. The district court previously dismissed without prejudice the claims of Travis Pace, a similarly situated student; it then severed Ericka's IDEA claim and decided it on the basis of the parties' briefs. The court concluded that no violation had occurred. We dismiss the appeal.

IDEA requires, among other things, that school officials create an individualized education program (IEP) for each qualifying child. It is undisputed that Ericka is a qualifying child; she has severe visual impairment and is mildly retarded. An IEP is a written document describing the child's present level of educational performance, measurable annual goals for the child, and the special services with which the child will be provided. *See* 20 U.S.C. § 1414(d). Ericka's maternal grandparents and legal guardians, Melvin and Edith Barber, challenged the school board's compliance with IDEA, arguing that the IEP Ericka's school created for her in 1997 was deficient in

  [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

numerous respects. After an "impartial due process hearing," the hearing officer concluded that the 1997 IEP was not in compliance with IDEA, mainly for its not describing in detail the special services Ericka needs to receive an appropriate education. The school board appealed and a state-level review panel reversed. The panel concluded, "There is no evidence that the Bogalusa School System prepared an I.E.P. that was not formulated to provide some educational benefit to Ericka." Nevertheless, it stated that "there should be an I.E.P. conference to address the suggested services . . . immediately." A new IEP was issued February 1998, the "1998 IEP." The Barbers appealed to federal court. *See id.* § 1415(i)(2)(A)(permitting appeal to a United States district court after first exhausting state administrative remedies).

Compliance with IDEA requires state officials both to heed the act's procedural prescriptions as well as to develop an IEP "reasonably calculated to enable the child to receive educational benefits." *See Board of Educ. v. Rowley*, 458 U.S. 176, 206-07 (1984). Not before us or before the district court did the Barbers complain about the 1998 IEP, which was issued several months before they perfected their appeal. We therefore assume that 1998 IEP comports with IDEA's procedural requirements and is calculated to provide educational benefits. Because the 1998 IEP superceded earlier ones, the Barbers' challenge to the 1997 IEP

is moot.  *Cf. Daniel R.R. v. State Bd. of Educ.*, 874 F.2d 1036, 1040-41 (5th Cir. 1989)(refusing to find that the issuance of a new IEP mooted a challenge to the old one where the school officials and the parents remained at loggerheads over whether to "mainstream" the parents' child).

In any event, we note that most of the claimed deficiencies in the 1997 IEP were corrected by the 1998 version.  In their brief, the Barbers complain that 1997 IEP failed to prescribe non-academic instruction, such as "child care, basic first aid[] procedures, simple cooking, sewing, budgeting, money management and shopping."  They also complain that the 1997 IEP only accounted for half of each school day and failed to recommend certain aids, including an itinerant teacher to guide Ericka around the school, a video camera and monitor to enlarge and view text, and a computer.  The Barbers argue that 1997 IEP even failed to accurately describe Ericka's present educational ability or set measurable goals, both basic requirements under IDEA.  Our own review of the 1997 IEP leads us to conclude that the Barbers' complaints likely had some merit.  But the 1998 IEP, which was attached to one of the Barbers' district-court briefs, is far more comprehensive.  It includes detailed discussion of Ericka's strengths and highlights areas that need strengthening. It restates her current educational abilities and suggests the use of a "reading machine" and the assistance of a

-4-

"paraprofessional or other adult."  The 1998 IEP also gives objectively verifiable goals, and extensive everyday-living skills are prescribed.

APPEAL DISMISSED AS MOOT.